UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO SANTANA RUBIO,<br><br>    Plaintiff,<br><br>v.<br><br>RITZ-CARLTON HOTEL COMPANY, LLC et al.,<br><br>    Defendants. | Case No. 2:24-cv-08042-SB-AS<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 19] |

  Defendants The Ritz-Carlton Hotel Company, L.L.C. and Marriott International Administrative Services, Inc. (the Hotels) removed this employment discrimination case based solely on diversity jurisdiction. Dkt. No. 1. Plaintiff Jose Antonio Santana Rubio moves to remand, arguing that the Court lacks subject-matter jurisdiction because diversity is not complete. Dkt. No. 19. It is undisputed that Plaintiff and the Hotels are diverse but that Plaintiff and Defendant Luis de la Mora Palmas are both California citizens, destroying complete diversity if Palmas's citizenship is considered. The parties' sole dispute is whether Palmas—Plaintiff's supervisor when he worked for the Hotels—has been fraudulently joined to defeat removal. *See Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."). The Court finds this matter suitable for decision without oral argument and vacates the November 8, 2024 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15.[1]

---

[1] The Hotels also filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6). Dkt. No. 21. In response, Plaintiff filed an amended complaint. Dkt. No. 22. Accordingly, the Hotels' motion to dismiss the original complaint is denied as moot.

A defendant who removes a case based on diversity jurisdiction premised on an allegation of a fraudulently joined nondiverse defendant must overcome both the strong presumption against removal jurisdiction and the presumption against finding fraudulent joinder. *Grancare*, 889 F.3d at 548–50. Given these presumptions, a district court must remand the case if there is "a possibility that a state court would find that the complaint states a cause of action" against the nondiverse defendant or if it is possible that defects in the complaint could be cured by amendment. *Id*. at 548, 550. Any doubts about the propriety of removal must be resolved in favor of remand. *Id*. at 550.

Plaintiff alleges a single claim against Palmas—for retaliation in violation of California Labor Code § 1102.5. The Hotels argue that there is no possibility of recovery against Palmas because, as a matter of law, § 1102.5 does not permit individual liability.

Earlier this year, this Court closely examined individual liability under § 1102.5, focusing on the impact of a 2013 statutory amendment that added language prohibiting retaliation by "any person acting on behalf of the employer." *Dawson v. Careguard Warranty Serv., Inc.*, No. 5:23-CV-01139-SB-SP, 2024 WL 661198 (C.D. Cal. Jan. 12, 2024). As the Court explained, "[n]either the California Supreme Court nor any intermediate appellate court appears to have considered whether the 2013 amendment expands liability for violations of § 1102.5 to permit claims for money damages against individual non-employers." *Id*. at *1. The Court granted summary judgment for the defendant, concluding—like most district courts addressing merits challenges under Rule 12(b)(6)—that § 1102.5 does not authorize a whistleblower to recover money damages from a non-employer individual. *Id*. at *6; *see also id.* at *2 ("The overwhelming majority of district courts addressing the merits have found that even after the amendment, § 1102.5 does not impose individual liability on non-employers.").

However, the Court in *Dawson* also recognized that in the context of motions to remand, district courts had "largely reached consensus" that there was enough uncertainty on this question to warrant remand. *Id*. at *1 ("[M]ore than a dozen courts considering motions to remand based on fraudulent joinder of individual defendants have determined that state law is unsettled following the 2013 amendment, such that 'as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5.'") (quoting *Moren v. Nat'l Express Transit, Inc.*, No. 1:21-CV-01206, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021) (collecting cases)). The Court stated that "[r]emand

in this circumstance is reasonable in light of the applicable federal standard governing a claim of fraudulent joinder." *Id*.

      The Hotels cite no new binding authority or state appellate decisions since *Dawson* addressing the question of individual liability under § 1102.5. They identify only one marginally relevant intervening state appellate decision, which did not discuss individual liability. *Ververka v. Dep't of Veterans Affs.*, 102 Cal. App. 5th 162 (2024). Thus, while the Court continues to believe that the best reading of § 1102.5 is that it does not permit individual liability, there remains uncertainty as to whether state courts would agree. Under the demanding standard of *Grancare*, the Court must resolve any uncertainty in favor of remand. Accordingly, Plaintiff's motion to remand is granted, and this case is remanded for lack of subject-matter jurisdiction to the Santa Barbara County Superior Court.

Date: October 22, 2024

                                          Stanley Blumenfeld, Jr.
                                          United States District Judge